# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SHARY F. DRAWDY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 1:16-cv-483-JRG-CHS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

I.     Introduction

Pending before the Court is the Commissioner's Motion to Dismiss ("Motion") [Doc. 6]. For the reasons explained below, the undersigned **RECOMMENDS** that the Motion [Doc. 6] be **GRANTED** and that this case be dismissed for being filed outside of the time allowed for seeking review.

II.     Procedural History

Plaintiff, proceeding *in forma pauperis*, filed her Complaint for review of the Social Security Administration's ("SSA") denial of benefits on December 8, 2016 [Doc. 1]. On February 13, 2017, the Commissioner filed the instant Motion [Doc. 6], along with a Memorandum in Support and supporting exhibits [Docs. 7; 7-1]. More than fourteen days passed and Plaintiff did not respond to the Commissioner's Motion. On March 1, 2017, the Court ordered Plaintiff to respond to the Commissioner's Motion within five days of entry of the Order, warning that failure to do so would result in a recommendation that the Motion be granted and that this action be dismissed [Doc. 9]. The Clerk's Office mailed a copy of the Order to Plaintiff [*Id.*]. Eleven days have passed since the Court entered its Order and Plaintiff still has not responded.

1

The Commissioner argues that the Complaint should have been filed by November 27, 2016, but that Plaintiff filed the Complaint eleven days late on December 8, 2016 [Doc. 7 at 2]. In support, the Commissioner submits the notice of the Administrative Law Judge's ("ALJ") unfavorable decision, dated October 7, 2015, and the notice from the Appeals Council that it denied Plaintiff's request for review, dated September 23, 2016 [Doc. 7-1 at 36, 54; *see also* Doc. 1 at 7, 21].

III.   Standard of Review

A party seeking to appeal a final decision of the Appeals Council may do so by bringing a civil action within the applicable time limit. 42 U.S.C. § 405(g).

As the Sixth Circuit has explained, a party has:

> 60 days from the Appeals Council's notice of denial in which to file his appeal . . . [and] a five-day 'grace period' before the 60 days began to run, which reflects the SSA's rebuttable presumption that he received his notice of denial within five days of the date of the notice.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (citation omitted). "[T]he 60-day period begins five days after the date of the denial notice." *Id.* at 436. The date of the denial notice is "the date on the notice itself" and not the postmark date. *Id.* at 437. The *Cook* court also explained that the Federal Rules of Appellate Procedure apply for calculating this time period. *Id.* at 435. Pursuant to Rule 26, the calculation *excludes* the day that triggers the period and *counts* every day, including Saturday, Sunday, legal holidays, and the last day of the period, unless the last day is a Saturday, Sunday, or legal holiday. Fed. R. App. P. 26. Finally, the court in *Cook* set out the following five factors for courts to consider in determining whether a party whose Complaint is time barred is nonetheless entitled to "equitable tolling."

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (citation omitted). Absent the application of one or more of those factors, equitable tolling will not operate to prevent a harsh result, even where a party is only one day late in her filing. *Id.*; *see, e.g.*, *Louck v. Soc. Sec. Admin.*, No. 3:14-cv-1385, 2015 WL 1003532, at *2 (M.D. Tenn. Mar. 6, 2015).

IV.   Analysis

Here, the Appeals Council's notice of denial was dated September 23, 2016 [Doc. 1 at 7]. Excluding September 23, 2016, five days after the date of the notice of denial was September 28, 2016. Sixty days after that was Sunday, November 27, 2016. Because the last day was on a Sunday, the time period was continued to Monday, November 28, 2016. Plaintiff untimely filed her Complaint on Thursday, December 8, 2016. Therefore, Plaintiff's Complaint would not be deemed time barred only if equitable tolling applies. Based on the pleadings, the Court finds that equitable tolling is not warranted here. Because Plaintiff has failed to respond to the Commissioner's Motion as directed by the Court's previous Order [Doc. 9], there is no evidence before the Court that she lacked actual notice or constructive knowledge of the filing requirement. The record shows that the Appeals Council notice was addressed to Plaintiff and explained the time limits for bringing a civil action [Doc. 1 at 7-9]. The Court finds that Plaintiff's Complaint is time barred and that equitable tolling should not apply in this case.

V.   Conclusion

For the reasons explained above, the undersigned **RECOMMENDS** that the Commissioner's Motion to Dismiss [Doc. 6] be **GRANTED** and that this case be dismissed for being filed outside of the time allowed for seeking review. Any objections to this Report and Recommendation must

be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file specific objections within the time specified can constitute a waiver of further appeal of this Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

The Court directs the Clerk to mail a copy of this Order to Plaintiff.

It is so **ORDERED**.

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE